Yes, Jim Brunello for the appellant. I'd like to reserve four minutes, Your Honor. Go right ahead. Please just keep track of your own time. I'll be fine. Okay. In California, a wrongful foreclosure action requires prejudice. The plaintiff must establish prejudice. If it's a procedural challenge, then the prejudice must be actual. If, on the other hand, the challenge is that the foreclosure is void because of a break in the chain of title, then the prejudice is sufficient the fact they lost the property. In this particular case... Wait a minute. Would you repeat that again? Yes. In that circumstance, what's sufficient prejudice? The sufficient prejudice is that the property was lost due to a void foreclosure. It is not actual prejudice. What do you mean if it's not actual prejudice? Actual prejudice would be you owe the money. What difference does it make to you? You owed it to somebody. You're not showing that you would have paid it. You didn't tender. You didn't do any of these things. Otherwise, the actual prejudice would override any defect in the foreclosure. Isn't there that kind of what you call actual prejudice here? In other words, money was owed and wasn't paid. That's not contested, is it? No, it isn't. It isn't contested in any of the procedural notification or process or the fact that there was actual prejudice and that we are not alleging that we were actually prejudiced by the foreclosure. It's just simply that we lost the property to an entity in a void foreclosure. Under California law, the only prejudice required is the loss of the property. To an entity that doesn't have a right to foreclose?  So his argument, opposing counsel's argument is that Gold Strike II had the right to foreclose. And the problem I think you've got is that the earlier steps in the process were conducted under the name of Gold Strike I. That's correct. The record foreclosure, looking at the chain of title, looking at the chain of title who foreclosed, looking at the chain of titles, Gold Strike I foreclosed up to the time of sale. And at the time of sale, in California law, equitable title then transferred to Gold Strike I. Two is that it was ministerial that a trustee's deed would be issued. Or on a brunicata that the trustee had the right to go back and do it over. Which is what our remedy is seeking here is just do it over. And then there is also the fact this is a Davis Sterling foreclosure, which is common ownership. The Davis Sterling homeowners groups. And the Supreme Court has required strict compliance. Counsel, what's your strongest argument? You've made several arguments in the briefing. And honestly, I think in response to Judge Tsushima's question, you're not contesting that you're actually prejudiced and you're not contesting that Gold Strike II was entitled to foreclose. You're arguing is that Gold Strike I is the one that sent the notices and whatnot. So can you just help me out? What's your strongest argument? Looking at the three cases, there's three cases. Ivanova, Scariotta, and Kalnock. And really the strongest argument is look at the chain of title. Before you foreclose, look at the chain of title. Well, right, but I appreciate that. But the judge's, the bankruptcy judge's response to that is if there's a problem with the chain of title, because the notices and whatnot were issued by Gold Strike I, and then the deed shows up in the chain of title to Gold Strike II, that if there's a problem, that's their problem. And they may need to bring a quiet title action. But I'm trying to figure out, is that, are you relying on, that's your strongest argument? Well, the point on that, Your Honor, would be just in the abstract, is not whether they would bring the quiet title action. It would simply be any title officer objectively looking at the chain of title or anybody for any purpose would see that there was a break in the chain of title. And what has California law said with regards to prejudice in a wrongful foreclosure action if there's that break in the chain of title? They treat it differently than the actual prejudice. But you're right. The bankruptcy court, the district court, totally looked at actual prejudice to the extent that the district judge said, you're doomed because you don't have actual prejudice. So the California Supreme Court said in this instance over here, it may seem like not much, but it's a break in the chain of title. It's void. It's a void foreclosure that has to be corrected through court action. So you can't reform it? Well, that's court action. And in this particular case, the reformation that's interesting was that if one case in Jones v. First America, about 2007 case where there's reformation similar to where there's a void foreclosure, not as egregious as this because the foreclosure in that case, the beneficiary, the foreclosing party was the beneficiary of record. The appellate court looked at it and said, reformation is appropriate because there is a mutual mistake. And that is that the trustee had been substituted out and both parties believed it was the right trustee. The factual difference here is that during the course of the foreclosure, Indian Village sent five letters to the trustee and the homeowners stating that they were doing it wrong, stating that Gold Strike 1, which they were on the board of directors, did not authorize this, that there's an amendment that lists both of these documents, both of the Gold Strike 1 and 2. So the difference in Jones was that Jones had mutual mistake. Here, there's no mutual mistake, nor was it unilateral. It wasn't that we sat on our hands and then came in to argue about it. We told from the first document that there had been a problem and that they were foreclosing in the wrong entity. I'm hearing all this nonsense. Talk to me a minute. What difference does it make if Gold Strike 2 has the right to foreclose and all you want them to do is do it over again? I'm having a hard time understanding the substance of this. Is this just because you like to drag your feet or you like to run up attorney's fees? Really, why are we doing this if they're going to foreclose on you anyway? To me, that's the same argument that was made under the Standing case. When it was, why are you even presenting this? Why are you arguing? You owe the money. It's going to happen again anyway. Who do you care who forecloses against you? It's the same thing. Let's forget about the fact that by the record documents, this was a void foreclosure. That's not what the California Supreme Court looked at. They looked and said, that we look at as a high priority in our states. It's time to respect our chain of title. If you can't do that... I can never reform it. No, no, no. The reformation in Jones was a mutual mistake, a unilateral mistake. Of course they could reform it. Counsel, it seems to me... Forgive me for interrupting, but there's two points I want to give you a chance to respond to. I'm going to ask opposing counsel to respond as well. I think that you're just now articulating the point of that case, which is that your client wasn't prejudiced, surely, but what the California court has said is that the purpose of the chain of title is not for those two parties who clearly know what was going on, but it's to put the world on notice of the chain of title. That's the first point. The second point, it seems to me, is that this record is unique in demonstrating that Gold Strike I had lost its corporate status, and that rather than paying its back taxes, it decided to form Gold Strike II. The question I've got for both of you is, both of those seem to me as a former state court judge, as things that a state court might take strong exception to, not allowing people to do an end run around the formalities of the chain of title for purposes of maintaining the integrity of the public recording system, and also not allowing folks who have allowed their... really basically have not paid their taxes to just do an end run around that process and form a new corporation. Now I'm a federal judge, and I'm a little concerned about a federal court stamping with a seal of approval that practice. So for my vote, I'd like to hear both of you respond to that, if you could. Okay, Your Honor. As to the practice, what happened in this particular case, the original subdivider form, Gold Strike I... I know. We've read the record. We've read the record. ...buys 31 lots and comes in, and wants to distance itself from there, and so it's done not as a name change or not... It's basically that suspended corporation we want to avoid. So we've read the record carefully. We've read the record carefully. Again, it's not a matter that... This doesn't prejudice you. You've conceded that... And I think the court's made the finding, seems pretty bulletproof, that you weren't prejudiced. Your client knew you owed the money and didn't pay it. Correct. So I'm concerned about why I should decide whether a California court would allow this procedure. Other than what you already mentioned, that objectively it's a breach in the chain of title and there's a sanctity to the chain of title? You haven't articulated this exactly as your strongest argument. You've articulated both these arguments. I'll grant you that. And I don't know... Have you requested anywhere that we certify this question to a California court? No, I did not. We didn't put that in the brief or sort of ask it. But I think it'd certainly be appropriate here. All right. Judge Battaglione, I think I interrupted you or an answer to one of your questions. Are you good? No, I'm sorry. I'm not a county judge and I just don't do quiet title very often. So I'm a little confused, obviously. Go ahead. No, I don't think you're one bit confused. If there's nothing further, I'm wondering, counsel, would you like to reserve your time for rebuttal? Yes. Let's hear from opposing counsel, please. Thank you. May it please the court. My name is Anthony Valenti. I am the senior associate attorney at the OS Law Group Council of Record for Appalachia Community Assessment Recovery Services, Inc., which I will be referring to as CARS. Good morning, Your Honors. And thank you for hearing this case this morning. I just want to touch on two things briefly. I am sharing time with counsel for the bankruptcy trustee, so I will try to be brief. The bankruptcy court in this case issued an oral factual findings. We have a unique record on appeal here. Chief Bankruptcy Judge Ronald Sargis spent over two hours detailing his factual findings, his credibility determinations, his legal determinations, and cited to the mountain of evidence submitted in this case at trial in support of those findings. He did that specifically so that any court of appeal would have that record when reviewing this file. You'll find his statements in that regard in appellant's appendix on pages 32 and 33, as well as page 81, where he discusses the reasoning behind giving the oral factual findings because this case is so factually driven. Is it contested factually that Gold Strike II was formed because Gold Strike I hadn't paid its taxes? It is not contested. That is not contested, Your Honor. It is undisputed that Mark Weiner, the principal of Indian Village, who came in and bought the 31 lots in the Gold Strike Heights subdivision, decided to form a second corporation to abandon Gold Strike I because he did not want to pay the delinquent taxes. He did not want to file the statement of information that was required. He was concerned that the original incorporator, Frank Maker, had some skeletons in the closet with what he had been doing with the homeowner. So he instructed... Mr. Valenti, I think one of the points Mr. Brunello made was that the only showing of prejudice he has to make is the loss of the property. That's incorrect, Your Honor. Tell me if you agree with that. If you don't, why not? I do not agree with that, Your Honor. In fact, when we're talking about prejudice here, the bankruptcy court and the district court agreed, first of all, that the cases of Helen Advances in support of that proposition, which are Ivanova and Sciarrata, as well as Kalanoki, those are all cases of standing. Those cases decided that the property owner merely had standing to assert a wrongful foreclosure regardless of whether the foreclosing entity had authority or not. Those cases involved assignments of the deed of trust to other entities. When Sciarrata, the original holder of the deed of trust, assigned it to one entity and then six months later purportedly assigned the same deed to a second entity, the second entity foreclosed. The homeowner brought an action claiming that the foreclosure was wrongful. The second assignment to the foreclosing entity had to be avoided. And as Mr. Brunello stated, California law prior to Ivanova held that that was not an issue, that the homeowner did not have standing to bring a claim to set aside the foreclosure based on that. And of course, this is important, Ivanova overruled those prior decisions and said, no, they do have standing. But that doesn't mean they automatically they still have to prove that the defect in the foreclosure caused actual prejudice. That's established California law. And there is no break in title here. Again, it's undisputed that Gold Strike 2 was the entity that foreclosed, albeit in the name of Gold Strike 1. And that's not my client's fault. That's Mr. Weiner's fault and Mr. Lee's fault for forming the second corporation with very similar names. The only distinction being the addition of the word homeowners, which is of course... Counsel, they sent your client two letters giving direct actual notice that the... I concede it as a technicality, but to say it's their fault when they gave you two notices, really? And Judge Starr just touched on this. From a risk assessment perspective, certainly we could have avoided all of this litigation had they just started over and added the word homeowners to the notices. But it's not required. The name of the beneficiary is not even required by statute as long as the name of the foreclosing trustee is in there, which it was. Cars, my client, it's in there. That's all that's required by the statute. You know, Mr. Valente, following up on your argument, I think you're answering my question of what amounts to actual prejudice. I mean, you're almost saying actual prejudice can never be shown, aren't you? No, that's not true at all. The standard is not whether the property is lost. Appellant is wrong in that contention. The standard is not what the ultimate outcome of the case is. And if they lose, that's prejudice. The standard is the prejudice. And I'll get you to the citation for it, Your Honor. But if you look at Cars 3, pages 28, 29, and 30 discuss this issue. And what it says is, the case that Ivanova overruled, which is Fontenot v. Wells Fargo Bank, NA 198, Calab 4, 256. That case says, to set aside a foreclosure, the purported defect in the notice must be material. That is, a defect is prejudicial only when it adversely affects or prevents the property owner's ability to protect his or her interest in the property. In other words, they have to show that because the word homeowner was omitted from the notice, that prevented them from taking action to prevent their property. And there's no such showing here. In fact, they concede that the only prejudice is the loss of the property. They never placed a bid at the foreclosure sale. They never exercised the right of redemption. They took no action to try to protect their property except to send a letter to them, multiple letters, conceded multiple letters, saying, you're not including the proper name here. You're missing a word. Now, I will say that Judge Sargis did touch on a comment that Justice Christian said regarding the delinquent. I'm sorry. It was Judge Battalion's question about substance. Judge Sargis indicated that the scheme that Mark Weiner and Don Lee had engaged in was this idea to elevate form over substance, to try to delay, to try to hinder. And, you know, they in fact engaged in the unlicensed practice of law in doing so. But that's a separate issue. The substance here is whether Indian Village was prejudiced by the use of the name. And no one believed that Gold Strike One was the foreclosing entity. They knew it was Gold Strike Two. They knew they owed the money to two. They knew they breached the settlement agreement with two. And they took no action other than sending the letters to try to protect their interests. And with that, Your Honors, I apologize. I have to yield the rest of the time to my co-counsel. Yes. Good morning, Your Honor. This is Ricardo Aranda. I represent the Chapter 7 Trustee Gary Farrar who in that capacity stands in the shoes of the Debtor Gold Strike Heights Homeowners Association. And I believe, you know, co-counsel has done an excellent job of explaining the issue here. Indian Village's claim of reliance on the EVA NOVA and other cases, that's given them all the benefits that it can. It gets them to argue that the wrong entity foreclosed. However, the trial court correctly determined that the wrong entity did not foreclose. And so then in absence, when you have the right entity foreclosing, then as counsel said, you need to have actual prejudice in terms of how are you prevented from protecting your interest. And what's your definition of actual prejudice? Again, it's something that prevents the the property owner from taking steps to, you know, to repay the debt, to get in contact with whoever's, you know, the entity foreclosing on them. Indian Village had those opportunities in this action. And they chose to rely on the fact that they believed that, well, the court found they didn't really believe that, you know, another entity was foreclosing. They thought that the use of the wrong name on its own would void the foreclosure. And that turned out to be incorrect. One area I did want to touch on was the the argument that there couldn't be a reformation. Indian Village argued in its brief that the trial court didn't have the authority to reform the foreclosure documents and that that was evidence that the foreclosure itself was void. However, Judge Sargis in his in his explanation went through a detailed analysis of California law on the subject and, you know, he determined that he was he had the authority in a quiet title and other actions where the parties are asking the court to determine who owns the property who foreclosed on property. You know, the court can when you're asking the court to make that determination that will necessarily involve reforming the documents if necessary. And so, one of the steps that Judge Sargis took was to not to reform the deed because the deed had the correct name but to reform the foreclosure document. And in essence, the equitable doctrine of reformation would be applicable here because the mistake being the slight error in the name was understood by both parties. It was factually determined that both sides knew that that name should be Gold Strike 2. And so by and so under even under Mr. Brunel's analysis that mutual mistake is an instance where the court can go in and clarify that document to reflect the true understanding of the party. And one other thing Mr. Brunel mentioned he made a brief mention to the the strict compliance standard involving the Davis-Thurling Act. As the district court and the trial court correctly noted that strict compliance is limited to the statutory procedures. There's a list of pre-lien notice required under what is now so-called Civil Code 5660 and none of those requirements relate to the misspelling of the name. There's been no challenge to any of those statutory requirements. Mr. Brunel just argued that strict compliance means that if there's a misspelling it has to be done over and that's not the law under the Davis-Thurling Act. Counsel, before your time is up would you like to respond to the question I posed? The question was should I be concerned about a federal court granting essentially a seal of approval allowing a corporate entity to do an end run around paying its taxes by setting up a second entity here, Gold Strike 2, rather than paying its taxes. Why wouldn't everybody do that? Well, I think the issue here is unique in that the entity that may be the person responsible for making that end run were Mr. Weiner and Mr. Lee who are plaintiffs in this case. So, to the extent you know, to the extent there might have been error by the new board of directors the only the you know, the law should not benefit you know, the person who caused the harm and in this case the person who caused the harm would have been plaintiff by setting it up in this manner. Absolutely. Mr. Aranda, if I could just interject my comments as well. Hold on, hold on. Counsel, actually you may not. You've ceded your time. Forgive me. Go right ahead, Counsel. Do you have more that you'd like to say? Well, unless the court has any other questions I will gladly yield the remainder of my time to Mr. Valenti. No, no. No. Let me just check with panel members. Do either of my colleagues have additional questions? I do not. No? All right. Then we'll hear rebuttal. Counsel? Yes, Your Honor. Counsel? Okay. Do you have a rebuttal you'd like to present? Yes, I would. First of all, as to the issue of whether Gold Strike II was formed to avoid the payment of taxes. Actually, after the 31 lots were purchased they learned that the corporation had been suspended and also as had been mentioned by Counsel that there were questionable financial transactions that had taken place and they wanted to separate themselves and the homeowners group from those questionable. So it was not there was no allegation in the amendment by which these in the record by which these took place stated that Gold Strike I had not been operated in accordance with law. So it was not that it was I'm sorry. I missed the last part of that sentence. I just didn't hear you. Yeah. In the amendment itself it states that the Gold Strike II was formed because Gold Strike I had not been formed without the law. That there were questionable transactions that Gold Strike I had conducted through the previous owner before winery in Indian Village came into play. So that that's just that's what the amendment relates to and that's all that we had on that. As to Reformation it was not pled nor was it argued during the case by our quoting Jones versus First American we say yes Reformation could be authorized and Jones spoke to that and in that case there's no question the record title was the beneficiary was the foreclosing entity in that case. The only question was the trustee had been by mutual mistake. So we just think that there's no mutual mistake because it wasn't two letters that were sent it was five letters that were sent during the process and an attempt at the time of the sale to present that it was taking place in the wrong party. So that's it. As far as Ivanova Scariarda and and the the trustee's attorney at footnote two of the brief stated contrary to the argument in IVE's opening brief the standard of actual prejudice was not replaced by cases such as Ivanova actual prejudice was not replaced and so given that they then looked at what cases had been reported California cases since Ivanova Scariarda immediately followed the footnote or third case immediately after that. So what had happened at that point was 700 cases of cited Ivanova since then Scariarda about 100 and the remaining case 70. So looking at those cases they then came up and said look at the cases and they only were able to cite two cases both of which support the position that there is a separate standard of prejudice if it's a void foreclosure as compared to a procedure foreclosure. One was Citrus Eldorado versus a title company Chicago title company and the other was Gilly and Citrus there was no chain of title issue and the court in Citrus specifically stated at page 95 or 950 to successfully challenge a foreclosure sale based on a procedural irregularity procedural irregularity the plaintiff must show the actual procedural irregularity. So this when you say certified at the Supreme Court to the California cases court the reality here is that the California courts I believe there's been seven, eight hundred cases mostly unrecorded the three that I've cited and the two that they've cited both support the proposition that there are two standards of prejudice and if you have a void foreclosure and here you have it void under the chain of title you have the chain of title without looking at the findings of the court the credibility which didn't matter because the three findings were one was it were we prejudiced we never said we were prejudiced two was there a notice of procedural problem we never said it was a notice of procedure and three did we know that the wrong record foreclosing entity that they were wrong they were not the beneficiary of record yes we knew all three of those things but that's the basically we believe that the problem is that we're looking and saying actual prejudice should be in each one of these actual prejudice is going to override the defects in the fact that there is a foreclosure that was not a record counsel we've heard your argument and that clock is starting to go up now you're up in deficit spending that's alright thank you both for your arguments and all three I should say it's an interesting case and I appreciate your we appreciate your help very much we'll take this case under advisement and if my colleagues don't mind too much I'll just take a quick five minute break before hearing the next case thank you your honors thank you thank you your honor okay
judges: Tashima, Christen, Bataillon